NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYES DIAZ,

Defendant - Appellant.

No. 24-3392

D.C. No.
1:20-cr-00194-JLT-SKO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted October 9, 2025[**]
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.

Reyes Diaz ("Diaz") appeals from his conviction for possession of a

controlled substance with the intent to distribute, in violation of 21 U.S.C. §

841(a)(1). Diaz challenges the district court's denial of his motion to suppress

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of a motion to suppress de novo, and the district court's factual findings for clear error. *United States v. Payne*, 99 F.4th 495, 501–02 (9th Cir. 2024) (citing *United States v. Sullivan*, 797 F.3d 623, 632–33 (9th Cir. 2015)).

1. Officers may conduct a traffic stop if they have reasonable suspicion to believe that the driver has committed a traffic violation. *United States v. Lopez-Soto*, 205 F.3d 1101, 1105 (9th Cir. 2000). The district court correctly concluded that the detective had reasonable suspicion that Diaz had violated California Vehicle Code Section 5201. Section 5201 requires that paper license plates be "securely fastened to the vehicle . . . so as to prevent the plates from swinging," and prohibits the use of both a temporary paper plate and permanent license plate. Cal. Veh. Code § 5201(a)–(b). The detective stated that he observed Diaz's paper license plate waving in the wind. This observation is consistent with the plate's bent edges and the fact that the paper plate was only secured at the top. Additionally, Diaz's paper license plate improperly covered a permanent metal license plate. Thus, the detective reasonably suspected Diaz had violated the California Vehicle Code and lawfully stopped him.

2. Additionally, in conducting a search of a parolee's home who is subject to a provision authorizing warrantless searches, "law enforcement officers must

have probable cause to believe that the parolee is a resident of the house to be searched." *United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013) (internal citation and quotation marks omitted).

The district court correctly concluded that the detective had probable cause to believe that Diaz resided at Apartment 203 in the Peralta complex. During the week prior to the search, the detective observed Diaz's car parked in front of the Peralta complex and observed Diaz on the second floor of the complex on multiple occasions. On one of these occasions, the detective saw Diaz carrying what appeared to be a bag of trash out of the apartment. The detective determined that Diaz was likely entering Apartment 203 given the general direction he walked in. Further, Diaz became "visibly nervous" when asked about the Peralta address and stated that, although his babysitter lived there, he did not know her name. Diaz admitted that he was sleeping at the Peralta complex and that his property was there. Finally, both Diaz's neighbor and friend who was staying at the apartment confirmed that Diaz lived in Apartment 203. *See United States v. Barry*, 140 F.4th 1105, 1109 (9th Cir. 2025) (a court may consider whether "the parolee's co-resident . . . identified the residence in question as that of the parolee" in finding probable cause. (quoting *Grandberry*, 730 F.3d at 976)). Although Diaz points to the fact that the detective first went to Apartment 202, the video evidence confirms that the detective only did so to verify his suspicion that Diaz lived in Apartment

3                                                          24-3392

203.  Because there were only two apartments on the second floor, the detective reasonably used process of elimination.

3.  We decline to find that the detective's question to the neighbor—"the Mexican dude lives here?"—establishes that the investigation was influenced by racial or ethnic profiling.  First, Diaz waived this argument by failing to raise it before the district court.  *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1053 (9th Cir. 2007).  Second, the record indicates that the detective also identified Diaz by his name, and not just his race, when making this statement.  In any event, the detective had substantial evidence, absent this question, to support probable cause.

4.  Finally, to the extent that Diaz challenges the district court's denial of an evidentiary hearing, he waived this issue by failing to provide additional argument. *Loher v. Thomas*, 825 F.3d 1103, 1119 (9th Cir. 2015) ("We address only issues which are argued specifically and distinctly in a party's opening brief.") (internal quotation marks omitted).

**AFFIRMED.**